**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 19-40043-01-DDC |
| **TYLER GILLUM,** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

The court held a Motion Hearing on October 26, 2020 to hear argument on defendant Tyler Gillum's Joint Motion to Dismiss Counts 32 & 33 (Doc. 27) and Motion for Bill of Particulars (Doc. 28). After considering the parties' written and oral arguments, the court ruled on each motion. *See* Doc. 58. This Order briefly memorializes the court's rulings at the hearing.

*First*, the court denied the Joint Motion to Dismiss Counts 32 & 33 (Doc. 27). The court discussed the legal standard applicable at this stage of the case. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (citation and internal quotation marks omitted). The court concluded that counts 32 and 33 of the Indictment met that burden. *See* Doc. 1 at 9–10. The court thus denied the motion.

*Second*, the court granted in part and denied in part the Motion for Bill of Particulars (Doc. 28). The court discussed *United States v. Rogers*, 617 F. Supp. 1024 (D. Colo. 1985). *Rogers* instructs that the applicable test asks "whether it is necessary that defendant have the

particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided." 617 F. Supp. at 1027 (citation and internal quotation mark omitted). But the "probability of prejudicial surprise or inadequate opportunities for defense preparation to the defendant must be balanced against the government's general right to prevent disclosure of its evidence and legal theories." *Id.* (citations and internal quotation mark omitted).

The court concluded that the balance here tips partially in Mr. Gillum's favor. The court ordered the United States to disclose the names of any aiders and abettors that it plans to use in its theory of liability. *See* Doc. 28 at 7 (¶ 1). The United States must disclose that information to Mr. Gillum by December 4, 2020. The court otherwise denied the Motion for Bill of Particulars.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Joint Motion to Dismiss Counts 32 & 33 (Doc. 27) is denied.

**IT IS FURTHER ORDERED THAT** the Motion for Bill of Particulars (Doc. 28) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the United States disclose to Mr. Gillum by December 4, 2020 the identities of any aiders and abettors that the government plans to include in its theory of liability.

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2020, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**