IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>               Plaintiff, <br><br>v. <br><br>**TYLER GILLUM (01)**, <br><br>               Defendant. | Case No. 19-40043-01-DDC |

**MEMORANDUM AND ORDER**

Defendant Tyler Gillum has filed a Motion to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 220. The government filed a Response. Doc. 222. The court lacks jurisdiction and dismisses Mr. Gillum's motion for the following reasons.

**I.    Background**

On April 22, 2022, a jury found Mr. Gillum guilty of bank fraud, violating 18 U.S.C. § 1344(1) (Counts 1–31); concealment of a material fact, violating 18 U.S.C. § 1001(a)(1) (Count 32); and making a false statement to a bank, violating 18 U.S.C. § 1014 (Count 33). Doc. 156. On November 23, 2022, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 201. Based on Guideline § 2B1.1(a)(1), the PSR determined that Mr. Gillum had a base offense level of seven. *Id.* at 14 (PSR ¶ 40). The PSR added 20 levels under Guideline § 2B1.1(b)(1)(C) because the loss exceeded $9.5 million but not $25 million. *Id.* (PSR ¶ 41). Guideline § 2B1.1(b)(17)(A) added two more levels because Mr. Gillum derived over $1 million in gross receipts from one or more financial institutions. *Id.* (PSR ¶ 42). Two more

levels were added under Guideline § 2B1.1(b)(10)(C) because "Mr. Gillum's check kiting schemes involved numerous banks and accounts occurring over a lengthy period of time." *Id.* (PSR ¶ 43). Based on the 2021 Guidelines Manual, Mr. Gillum had a total offense level of 31. *Id.* at 15 (PSR ¶ 50).

Mr. Gillum's criminal history produced zero criminal history points, establishing a criminal history category of I. *Id.* (PSR ¶ 54). "Based upon a total offense level of 31 and a criminal history category of I, the guideline imprisonment range [was] 108 months to 135 months" for Counts 1–31 and 33. *Id.* at 20 (PSR ¶ 78). For Count 32, 18 U.S.C. § 1001(a)(1) establishes a maximum term of imprisonment of five years, or 60 months. Because this 60-month maximum was less than the guideline range, "the guideline term of imprisonment [was] 60 months on Count 32." *Id.* The parties negotiated a Sentencing Agreement and jointly recommended the court impose a total sentence of 60 months. *Id.* at 5 (PSR ¶ 9). On November 30, 2022, the court sentenced Mr. Gillum to imprisonment for 60 months, for all counts, to run concurrent with each other, followed by three years of supervised release. Doc. 205 at 2, 3.

Mr. Gillum asserts that Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines applies to his November 2022 sentence and reduces his offense level by two levels. Doc. 220 at 2–4. The court addresses Mr. Gillum's motion, but first, recites the governing legal standard.

## II.   Legal Standard

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1) on motion of the Director of the Bureau of Prisons or the defendant, if defendant exhausts administrative remedies, if special circumstances exist;
>
> (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Here, Mr. Gillum asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range.  Doc. 220.

Effective November 1, 2023, Part B of Amendment 821 created Guideline § 4c1.1, which lowers the offense level by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  Even if a defendant satisfies each § 4C1.1 criterion, the court may reduce a sentence only if it "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The "court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]"  U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023).

**III.     Analysis**

Here, Mr. Gillum qualifies as a zero-point offender and thus would qualify for a reduction in his criminal history score.  Under Amendment 821, Mr. Gillum's offense level drops from 31 to 29.  Based on an adjusted total offense level of 29, his guideline sentence for Counts 1–31 and 33 would decrease from 108–35 months to 87–108 months.

But Mr. Gillum still isn't entitled to a reduction.  The court sentenced Mr. Gillum to 60 months' imprisonment on each count to run concurrent with every other court, which is below the amended guideline range.  Because Mr. Gillum's sentence "is less than the minimum of the

amended guideline range," his request doesn't fall under 18 U.S.C. § 3582(c)(2). U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A) (U.S. Sent'g Comm'n 2023). The Guidelines Commentary illustrates this point. Specifically, Application Note 3 hypothesizes the following situation:

| | |
|---|---|
| Guideline Range applicable at sentencing: | 70 to 87 months |
| Defendant's actual sentence: | 56 months |
| Amended Guideline Range: | 51 to 63 months |

*Id.* Application Note 3. The Application Note explains that the court may reduce the defendant's sentence "but [the court] shall not reduce it to a term less than 51 months[,]" *i.e.*, the bottom end of the Amended Guideline Range. *Id.* And yet, this forbidden result is necessarily what Mr. Gillum asks the court to do here.

The court sentenced him to spend 60 months in prison. So, to reduce his sentence by the minimum amount possible would result in a 59-month sentence. And 59 months is below the bottom end of the amended guideline range for Counts 1 through 31 and 33—87 months. The court can't reduce Mr. Gillum's sentence. This conclusion means that the court thus lacks jurisdiction and must dismiss Mr. Gillum's motion (Doc. 220). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *United States v. Hernandez*, No. 19-10002-02,

2024 WL 2955711, at *2 (D. Kan. June 12, 2024) (dismissing Amendment 821 motion to reduce sentence when the court already had sentenced defendant to minimum of amended guideline range).[1]

IV.     Conclusion

The court is without jurisdiction to consider Mr. Gillum's current motion.  Thus, the court dismisses Mr. Gillum's motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gillum's Motion to Reduce Sentence (Doc. 220) is dismissed.

**IT IS SO ORDERED.**

**Dated this 5th day of August, 2024, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**

---

[1]     Neither party addresses Count 32.  Recall that Count 32—concealment of a material fact—has a maximum sentence of 60 months.  18 U.S.C. § 1001(a)(1).  Amendment 821 lowers Mr. Gillum's guideline range to 87–108 months.  So, the amended guideline range still exceeds Count 32's maximum sentence of 60 months.  When the guideline range exceeds the maximum, the Sentencing Guidelines treat the maximum sentence as the guideline sentence—here, 60 months is substituted for 87–108 months.  U.S. Sent'g Guidelines Manual § 5G1.1(a) (U.S. Sent'g Comm'n 2023) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").  And so, Amendment 821 doesn't change Count 32's guideline sentence of 60 months.

Mr. Gillum asks the court to reduce his 60-month sentence to 46 months.  But that would reduce his sentence below Count 32's guideline sentence of 60 months.  The court can't reduce Mr. Gillum's sentence.  *See United States v. Cadena-Reyes*, No. 23-10007-EFM, 2024 WL 1579676, at *1 (D. Kan. Apr. 11, 2024) (denying motion to reduce sentence below 60 months because defendant's amended guideline range under Amendment 821 to § 4C1.1 exceeded the 60-month maximum sentence).